IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff <br> vs <br> 1) OSCAR SANCHEZ-MARTINEZ <br> 2) ESTEVAN HERNANDEZ-CLAUDIO <br> 3) CHARLES PIZARRO-GARCIA <br> 4) OSCAR VALDES-GARCIA <br> 5) ANTHONY GONZALEZ-VEGA <br> 6) EMANUEL RODRIGUEZ-ISAAC <br> 7) WILMER NIEVES-CORREA <br> Defendants | CRIMINAL 12-0036CCC |

**ORDER**

Having considered the United States' Motion to have Case Declared Complex filed on March 6, 2012 (**docket entry 62**), which remains unopposed, and considering further (1) that six of the defendants in this case are charged with capital-eligible offenses which require the appointment of learned counsel, extensive investigation, and intensive court involvement in order to properly manage the proceedings without undue delays; (2) that the case is in its early stages and proceedings before the Department of Justice to determine whether or not to seek the death penalty are still ongoing; and (3) that according to the government's representation the case involves extensive evidence which includes "over a thousand recorded calls, foreign language transcripts, and a crime scene investigation," (Motion, at p. 3, ¶ 6), the Court finds that given the complexity of this case it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161, et. seq. Accordingly, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court further finds that the period from the filing by the United States of its first[1] Certificate of Death Penalty Case Pursuant to Local Rule 144A(b) on January 25, 2012 (docket entry 15) until the Department of Justice notifies

---

[1]The United States subsequently filed a Second Certificate of Death Penalty Case Pursuant to Local Rule 144A(b) (docket entry 32).

CRIMINAL 12-0036CCC						2

its decision whether or not to seek the death penalty in this case, shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act as the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial.  This exclusion is without prejudice of other excludable time that may be applicable under any other provision of the Speedy Trial Act.

    SO ORDERED.

    At San Juan, Puerto Rico, on April 16, 2012.


                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge